**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**GROUND & PIPE TECHNOLOGIES, LLC,**

    **Plaintiff/ Counter-Defendant,**

v.                                              **Case No. 3:05cv110/RV/MD**

**FIRSTLINER TECHNOLOGIES, INC., et.al.,**

    **Defendants/Counter-Plaintiffs,**

_____ /

**ORDER**

Pending is the counter-defendant's motion to dismiss. (Doc.16).

Plaintiff Ground & Pipe Technologies, LLC, sued defendant Firstliner Technologies, Inc. for breach of contract. In response, Firstliner asserts various state law counterclaims against Ground & Pipe Technologies, LLC., including a claim for defamation. Ground & Pipe Technologies, LLC. now files a motion to dismiss the defendant/counter-plaintiff's defamation claim for failure to state a claim upon which relief may be granted. For the purposes of this motion, the factual allegations in the counterclaim will be taken as true.[1]

**I.    BACKGROUND**

Ground & Pipe Technologies, LLC ("Ground & Pipe") is an Alabama limited liability corporation in the business of repairing sewer lines. Firstliner Technologies, Inc. ("Firstliner"), a Nevada Corporation, manufacturers liners used to line deteriorated or damaged sewer systems. The liners use a "cure-in-place" process, in which a resin-impregnated liner is installed into a damaged sewer and results in a seamless,

---

[1] The defendant/counter-plaintiff has not filed a memorandum in response to this motion. Pursuant to Local Rule 7.1, "[f]ailure to file a memorandum may be sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1(c)(1). Nonetheless, I will address the motion on its merits.

jointless "pipe-within-a-pipe" surface that acts as a brand new pipe.

Ground & Pipe contracted to repair damaged sanitary sewer lines for the Charterwood Municipal Utility District ("Charterwood") in Houston, Texas, and the municipality of Fort Walton Beach, Florida.  To perform these contracts, Ground & Pipe entered into a separate contract with Firstliner,[2] wherein Firstliner agreed to supply Ground & Pipe with its felt liners that were to be used to repair the existing sewer lines on both the Florida and Texas projects.

On December 20, 2004, Ground & Pipe sued Firstliner for breach of contract, alleging that the liners supplied by Firstliner were defective, and that when they were installed, they wrinkled and caused interference with the water flow of the newly lined pipes.  Ground & Pipe alleges that it was required to excavate the pipe and repair the damage at its own expense. In response, Firstliner asserts several counterclaims against Ground & Pipe, including: Fraudulent Inducement, Breach of Contract, Unjust Enrichment, Violation of the Texas Government Code, and Slander and Libel.  Ground & Pipe now moves to dismiss Firstliner's slander and libel claim because it is not pled with sufficient particularity under either Florida or Texas law.

**II.    DISCUSSION**

    A.    <u>Motion to Dismiss Standard</u>

A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. <u>See</u>, <u>e.g.</u>, <u>Blackston v. Alabama</u>, 30 F.3d 117, 120 (11th Cir. 1994).  On a motion to dismiss, the court must accept all of the alleged facts as true and find all inferences

---

[2] According to the Ground & Pipe's complaint, Firstliner Technologies is not a registered corporation. Rather, it is a fictitious or assumed name for Firstliner Americas, Inc., Firstliner U.S.A., Inc., or Giulio Catallo, who are also named as defendants.  However, Firstliner Technologies responds that it is a valid corporation, and that the contract at issue in this dispute is between Firstliner Technologies and Ground & Pipe and not the other Firstliner companies named in the complaint.

Case No.: 3:05-cv-110-RV/MD

from those facts in the light most favorable to the plaintiff.  See, e.g., Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).

    B.    Slander and Libel Claim

In Count (F) of FirstLiner's counter-complaint, it alleges that Ground & Pipe made "false and defamatory statements" regarding FirstLiner Technologies' products to the engineers involved with the Texas and Fort Walton projects, and that these defamatory statements were made both verbally and in writing.  Ground & Pipe moves to dismiss this count because Firstliner has failed to plead sufficient facts to support a claim for libel or slander.

When pleading libel or slander in Florida, generally, the allegedly defamatory words should be set out in the complaint "for the purpose of fixing the character of the alleged libelous publication as being libel per se." Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So. 2d 51, 55 (Fla. 3d DCA 1982).  However, "set out" does not mean a verbatim recitation of the allegedly defamatory words.  Id. Especially where words are spoken orally, reciting the words verbatim may be difficult. Id.  Therefore, courts generally only require a plaintiff to set out the substance of the spoken words with sufficient particularity to enable the court to determine whether the publication was defamatory. Id.; Scott v. Bush, 907 So. 2d 667 (Fla. 5th DCA 2005). Similarly, under Texas law, a claimant must also set out the particular defamatory words or at least the substance and the meaning of the alleged defamatory words. Kahn v. Beicker Engineering, Inc., 1995 WL 612402 (Tex. Civ. App. 1995); Murray v. Harris, 112 S.W. 2d 1091 (Tex. Civ. App. 1938).

Nevertheless, in this diversity case, the sufficiency of the pleadings is governed by federal procedural law. See e.g., Veilleux v. National Broadcasting Co., Inc., 8 F. Supp. 2d 23, 35 (D. Me. 1998)(recognizing that federal law applies to defamation pleading requirements); Vantassell-Matin v. Nelson, 741 F. Supp. 698 (N.D. Ill

1990)(same).  Rule 8 of the Federal Rules of Civil Procedure requires a party to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Generally, Rule 8 requires a plaintiff to give the defendant fair notice of what the plaintiff's claim is and set out the basic factual allegations necessary to state the elements of a cause of action. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

In order to provide the defendant fair notice of a defamation claim, federal courts have also required a claimant to set out the substance of the allegedly defamatory statements.  As the Eighth Circuit explained: "(T)he use of In haec verba pleadings on defamation charges is favored in the federal courts because generally knowledge of the exact language used is necessary to form responsive pleadings." Asay v. Hallmark Cards, Inc., 594 F.2d 692, 699 (8th Cir. 1979).  See also, Foltz v. Moore, McCormack Lines, Inc., 189 F. 2d 537, 539 (2d Cir. 1951); Celli v. Shoell, 995 F. Supp. 1337 (D. Utah 1998)(holding that complaint must set forth the alleged defamatory statements and identify the persons to whom they were published); Ford v. Clement, 834 F. Supp. 72, 78 (S.D.N.Y. 1993)("In pleading an action for defamation, the allegations of the complaint must afford defendant with sufficient notice of the communications complained of to enable him to defend himself."); Vantassell-Matin v.Nelson, supra, 741 F. Supp. at 707(applying federal law and requiring plaintiff to recite the precise language alleged to be defamatory).  Thus, in a defamation claim, it is not sufficient for a plaintiff to describe the allegedly defamatory statements in vague terms.  See Asay v. Hallmark Cards, Inc., supra, 594 F.2d at 699.

In Firstliner's counter-complaint, it fails to identify any specific defamatory statement made by anyone affiliated with Ground & Pipe.  Rather, Firstliner simply alleges that Ground & Pipe made false and defamatory statements regarding Firstliner's products to the engineers of the Charterwood and Fort Walton projects.

Case No.: 3:05-cv-110-RV/MD

Further, Firstliner does not sufficiently identify when, where, or to whom any defamatory statement was made.  While Firstliner is not required to recite verbatim the defamatory words published by Ground & Pipe, it must at least allege sufficient factual information with which Ground & Pipe may form a responsive pleading.  As alleged, the libel and slander claim is vague and does not provide Ground & Pipe with fair notice.[3]

Accordingly, Firstliner's counter-claim for libel and slander must be dismissed for failure to state a claim upon which relief may be granted.  Ground & Pipe's motion to dismiss (doc. 16) is GRANTED.  Count (F) of Firstliner's counterclaim is DISMISSED, without prejudice, and with leave to file an amended pleading within fourteen days, in lieu of which the dismissal shall be with prejudice.

DONE AND ORDERED this 5th day of October, 2005.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

---

[3] Moreover, in light of Firstliner's allegation that Ground & Pipe made these statements in writing, as well as orally, Firstliner should be able to plead the substance of the statements with greater particularity.

Case No.: 3:05-cv-110-RV/MD